In the Matter of the Claim of WILLIAM HUETTEN, Respondent, against NIAGARA BOX·COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930

*Bacon & Tippett* [*Clarence B. Tippett* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

WHITMYER, J. Whether or not claimant was an independent contractor is the question.

The employer's manager engaged one Alois Haefner to unload a car of lumber at fifty cents per 1,000 feet, with the understanding that he would need a so-called partner and would procure sufficient help. Thereupon, Haefner engaged claimant, who was injured in the work. Haefner received eight dollars and seventy cents by check from the manager for the work and gave claimant one-half. They referred to each other as partners and to the work as a contract. In addition, claimant testified that no one bossed them, except that the manager told them " to store that lumber so and so " and to unload as quickly as possible, to save demurrage. On the other hand, the manager testified that he did not know about or have anything to do with claimant and did not give any directions whatsoever. But he admitted that he had supervision over Haefner and could discharge him at any time, paying him for what he had done. And, in answer to the question, " Then in an actual sense he is an employee of yours rather than an independent contractor, isn't that true? You had supervision over him? " he said, " Why sure; " and to the question, " Then when he hired Mr. Huetten in this case, he acted as an agent for you in getting that carload of lumber unloaded, didn't he, and you paid him a certain amount and he was to pay Mr. Huetten out of that for doing so? " he answered, " I suppose so, surely."

I think that this was a sufficient recognition by the employer of claimant's status as an employee and sufficient to sustain the finding of the Board.

HILL and HASBROUCK, JJ., concur; HINMAN, Acting P. J., and DAVIS, J., dissent and vote for reversal on the ground that claimant was either an employee of or joint adventurer with an independent contractor.

Award affirmed, with costs to the State Industrial Board