In the Matter of the Claim of PATRICK JOSEPH FALLON, Respondent, against NEW YORK COLOR & CHEMICAL COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant's case was not open and pending April 24, 1933. Award should have been made under section 25-a of the Workmen's Compensation Law. Award reversed, and claim remitted, with costs against the State Industrial Board, for the purpose of making an award under section 25-a of the Workmen's Compensation Law. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.

In the Matter of the Claim of LEROY N. ELLIS, Respondent, against WENDELL F. WOODBURY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of compensation. Appellant, under a trade name, was engaged in the business of house building and repairing. He contracted to furnish the material and labor necessary to put a new shingle roof upon a dwelling. Respondent began work after signing an agreement, prepared by appellant, in the following form: " I, Leroy N. Ellis, agree to lay shingles on house at 153 East 2nd Street, according to the Sales Agreement 24865 between The Lumber Store and Mr. Paul Johnson, for the sum of 50c per bundle. I designate the dealer to make collection of my payments from the Owner, and agree to hold both Dealer and Owner free from any liability or damage arising from my conduct of this work. All work to be completed to the entire satisfaction of the Owner." Appellant furnished the ladders, with which to do the work, to respondent and his coworker, and had supervision of the work. After respondent's injury appellant's employees finished the laying of the shingles. Respondent was an employee. (*Matter of Huetten* v. *Niagara Box Co.*, 230 App. Div. 607; affd., 256 N. Y. 562.) The requirement of waiving compensation was invalid. (Workmen's Comp. Law, § 32.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.